By the Court.
The question is, can an appeal be taken to the District Court from a judgment rendered in the Superior Court of Montgomery county in a case to contest the-validity of a will?
The District Court has such appellate jurisdiction only as is provided by law. Neither the act establishing the Superior Court of that county, nor that of April 12, 1858, relating to second trials and appeals, provides for an appeal from that court to the District Court. Reber & Kutz v. Colum *603 bus Mach. Man. Co., 12 Ohio St. 175. Nor can the right of such appeal be derived from sections 21 and 24-of the act relating to wills. The former section provides that the verdict of the jury, in such cases, shall be-final, “ unless the court shall grant a new trial, or the cause be appealed to the District Court.” It gives no more right to an appeal, as a matter of course, than it does to a new' trial. It does not confer the right of appeal, but alludes only to the effect of an appeal. Section 24 provides for appeals, in such cases,- from the “ Court of Common Pleas” only. This section will no more permit a construction granting appeals from the Superior Court to the-District Court in will eases, than would the act of 1858 permit a construction allowing appeals from the Superior Court, in all eases where it can be taken from the Common Pleas. But it has been settled that such construction of the latter-statute is inadmissible. We must, therefore, hold that the act relating to wills does not give the right of appeal from, a judgment of the Superior Court to the District Court, in a case to contest the validity of a will.

Motion overruled.